UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TANNER JON HEIL,  		Case No. 23-CV-3845 (JMB/JFD)

Petitioner,

v.  		**REPORT AND RECOMMENDATION**

B. EISCHEN,

Respondent.

This matter comes before the Court on Petitioner Tanner Jon Heil's "Motion for Habeas Corpus [§ 2241]" (Dkt. No. 1 ("Petition")). For the following reasons, the Court recommends denying the Petition and dismissing this action.

In July 2019, Heil pleaded guilty to one count of possessing a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (*See* Plea Agreement and Sentencing Stipulations 1, *United States v. Heil*, No. 19-CR-0139 (JRT/ECW) (D. Minn. July 9, 2019).[1]) In January 2020, U.S. District Judge John R. Tunheim—then this District's chief judge—sentenced Heil (as relevant here) to 120 months' imprisonment. (*See* J. in a Criminal Case 2, *United States v. Heil*, No. 19-CR-0139

---

[1] Certain court documents cited in this Report and Recommendation are not in this action's docket. Because they are public court records, however, the Court can take judicial notice of them. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *McIntosh v. Rardin*, No. 23-CV-2009 (JWB/TNL), 2023 WL 8604337, at *1 n.1 (D. Minn. Nov. 14, 2023) (citing cases, including *Stutzka*), *report and recommendation adopted*, 2023 WL 8603133 (D. Minn. Dec. 12, 2023). Citations to filed materials use the page numbers provided by the District's CM/ECF filing system.

(JRT/ECW) (D. Minn. Jan. 10, 2020).) Heil is presently incarcerated at the Federal Prison Camp in Duluth, Minnesota. (*See, e.g.*, Dkt. No. 1-2.) According to the Bureau of Prisons's ("BOP's") online inmate locator, Heil is scheduled for release in November 2026. (*See, e.g.*, Fed. Bureau of Prisons, Find An Inmate, *available at* https://www.bop.gov/inmateloc (last accessed Jan. 8, 2024).)

The Court received the Petition on December 19, 2023. (*See* Docket.) The Petition contends that the BOP is improperly calculating Heil's sentence. Specifically, Heil points to a period of time after what he refers to as his "formal arrest on April 1, 2019." (Pet. 1.) As the Court understands Heil, he claims that (1) he is entitled to credit for time that he was in custody between April 1, 2019, and some other date (presumably his sentencing date); and (2) the BOP is not giving him proper credit for that time. (*See id.* at 1–2.) He contends that this calculation error is denying him nearly 300 days of credit.[2]

Heil did not prepare the Petition on a standard habeas-petition template. (*See generally id.*) But the Petition does invoke 28 U.S.C. § 2241. (*See, e.g.*, Pet. 1.) And that makes sense. The Petition challenges the BOP's calculation of Heil's release date, a sort of challenge typically referred to as a challenge to the "execution" of a sentence. *See, e.g.*, *United States v. Zetzman*, No. 21-CR-0186(2) (WMW), 2023 WL 7306812, at *1 (D. Minn. Nov.

---

[2] Consistent with this argument, the Court notes that the length of time between April 1, 2019, and January 10, 2020 (Heil's sentencing date) is 284 days. The Court also notes, however, that the relevant grand jury issued Heil's indictment on May 14, 2019; that U.S. District Judge Joan N. Ericksen issued a bench warrant for Heil on that date; and that the docket in Heil's criminal case suggests he was actually detained on May 17, 2019. It is thus unclear what Heil means when he mentions his "formal arrest" in this context.

2

6, 2023); *Purdy v. LeJeune*, No. 22-CV-2821 (JRT/ECW), 2023 WL 4561334, at *13 (D. Minn. July 17, 2023), *report and recommendation adopted*, 2023 WL 5039748 (D. Minn. Aug. 8, 2023). Prisoners must bring such execution challenges under § 2241. *See, e.g.*, *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) (citing *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)); *Zetzman*, 2023 WL 7306812, at *1 (citing cases).

But § 2241 petitions face certain requirements. Of particular note here is an "exhaustion requirement": a prisoner generally cannot secure relief through § 2241 if he has not exhausted his administrative remedies. *See, e.g.*, *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing cases); *Arroyo v. Fikes*, No. 21-CV-2489 (KMM/BRT), 2022 WL 2820405, at *2 (D. Minn. May 5, 2022) (citing *Mathena*), *report and recommendation adopted*, 2022 WL 2819577 (D. Minn. July 19, 2022). This requirement has two main policy goals. First, it protects the administrative authority of agencies like the BOP by giving them a chance to correct their own mistakes before ending up in federal court. *See, e.g.*, *Finch v. Hollingsworth*, No. 04-CV-3983 (RHK/JSM), 2005 WL 1324013, at *2 (D. Minn. May 19, 2005) (citing *United States v. Dico, Inc.*, 136 F.3d 572, 576 (8th Cir. 1998)); *cf. Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (discussing exhaustion's policy goals (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992))). Second, exhaustion promotes efficiency, as "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford*, 548 U.S. at 89; *see also, e.g.*, *Coleman v. Samuels*, No. 15-CV-1856 (SRN/TNL), 2016 WL 483508, at *3 (D. Minn. Jan. 20, 2016) (making efficiency point in § 2241 context (citing *Dico*, 136

F.3d at 576)), *report and recommendation adopted*, 2016 WL 475173 (D. Minn. Feb. 8, 2016).

To be sure, it is well established that because exhaustion is a not a jurisdictional requirement for § 2241 petitions, courts have the discretion to consider such petitions even where a petitioner has not exhausted administrative remedies. *See, e.g.*, *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007); *Purdy*, 2023 WL 4561334, at *5 (citing cases). When deciding whether to exercise this discretion, a court "'balance[s] the interest of the individual in retaining prompt access to a federal forum against countervailing institutional interests favoring exhaustion.'" *Purdy*, 2023 WL 4561334, at *5 (quoting *McCarthy*, 503 U.S. at 146 (brackets in *Purdy*)); *Henderson v. Eischen*, No. 23-CV-1336 (NEB/ECW), 2023 WL 4422535, at *1 (D. Minn. June 7, 2023) (making same point (quoting *McCarthy*)), *report and recommendation adopted*, 2023 WL 4421372 (D. Minn. July 10, 2023). Courts have generally excused exhaustion in the § 2241 context because of "time constraints" or because "seeking administrative remedies would be futile." *Gant v. King*, No. 23-CV-1766 (NEB/ECW), 2023 WL 6930764, at *2 (D. Minn. July 7, 2023) (citing *Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004)), *report and recommendation adopted*, 2023 WL 6910771 (D. Minn. Oct. 19, 2023); *see also, e.g.*, *Henderson*, 2023 WL 4422535, at *1) (making same point).

Nothing in the Petition suggests that either of these circumstances applies here. Given that Heil's current release date is in November 2026, there seems to be plenty of time for him to use the BOP's administrative-remedy process to address his concerns. Nor

does the Petition suggest that it would be futile for Heil to seek administrative remedies here.[3]

In summary then, the Petition does nothing to suggest that Heil has exhausted his administrative remedies here. Such exhaustion is a prerequisite for filing a § 2241 petition in federal court, and Heil has not persuaded the Court that exceptions to that general rule apply here. The Court therefore recommends denying the Petition based on Heil's failure to exhaust administrative remedies. Given that determination, the Court further recommends dismissing this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court **RECOMMENDS THAT**:

1. Petitioner Tanner Jon Heil's "Motion for Habeas Corpus [§ 2241]" (Dkt. No. 1) be **DENIED** for failure to exhaust administrative remedies.

2. This matter be **DISMISSED** without prejudice.

---

[3] Heil cites *Gallo v. Ortiz*, No. 20-CV-16416 (RMB), 2021 WL 571600 (D.N.J. Feb. 16, 2021), for the proposition that exhaustion is unnecessary when a § 2241 matter presents only questions of statutory interpretation. (*See* Pet. 2.) The Court need not—so will not—opine on whether this rule from Third Circuit caselaw governs here. Even if it does, this case presents factual questions aside from any statutory-interpretation questions it might raise. As discussed in note 2 above, for instance, comparing the Petition to Heil's criminal-case docket suggests a dispute about when Heil's claimed term of "jail credit" should start. Furthermore, the Petition also makes claims about what Judge Tunheim ostensibly "ordered at Heil's sentencing"—and deciding what Judge Tunheim ordered and how it applies to Heil's argument here is not a statutory-interpretation question.

Dated: January 9, 2024              _s/ John F. Docherty_____
                                    JOHN F. DOCHERTY
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).